1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LUIS DEMELO,

            Plaintiff,

   v.

CAROLYN W. COLVIN, Commissioner
of Social Security

            Defendant.

**1:13-cv-1247 BAM**

**ORDER REGARDING PLAINTIFF'S
SOCIAL SECURITY COMPLAINT**

<u>**BACKGROUND**</u>

    Plaintiff  Luis Demelo ("Plaintiff") seeks judicial review of a final decision of the

Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to

Titles II and XVI of the Social Security Act.  The matter is currently before the Court on the

parties' briefs, which were submitted, without oral argument, to the Honorable Barbara A.

1    McAuliffe, United States Magistrate Judge.[1] (*See,* Docs. 23, 28, and 31).

2                    **FACTS AND PRIOR PROCEEDINGS**[2]

3        *A.  Background*

4        On July and August 2008, Plaintiff filed applications for DIB and SSI, alleging disability

5    beginning February 23, 2006.  AR 53; 142-150.  His applications were denied initially and on

6    reconsideration.  AR 145-149; 151-155.  Subsequently, Plaintiff requested a hearing before an

7    Administrative Law Judge ("ALJ").  AR 156-157.  ALJ Patrick Hannon presided over three

8    hearings on September 7, 2010 (AR 134-140), March 3, 2011 (121-133), and August 30, 2011

9    (AR 107-120), and issued an order denying benefits on September 19, 2011.  AR 53-65.  Plaintiff

10   filed an appeal and submitted additional medical evidence to the Appeals Council.  AR 14-19, 49,

11   314-322; 887-1034.  On July 3, 2013, the Appeals Council denied review, rendering that the final

12   decision of the Commissioner. AR 9-12.  Plaintiff sought judicial review by commencing the

13   instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

14           1.  **Summary of the ALJ's Findings and Decision**

15       At the hearing, the ALJ determined that Plaintiff did not meet the disability standard.  AR

16   53-65.  More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful

17   activity since February 23, 2006.  AR 55.  Further, the ALJ identified class two congestive heart

18   failure with associated cardiac impairments as a severe impairment.  However, he found that this

19   impairment alone, or in combination with other impairments, did not meet the listing impairment

20   criteria.  AR 57.  The ALJ concluded that Plaintiff could perform a full-range of sedentary work.

21   After applying the Medical-Vocational Guidelines, 20 CFR, Part 404, Subpart P, Appendix 2

22   ("the Grids"), the ALJ found that Plaintiff was not disabled. AR 64-65.

///

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  (*See* Docs. 7& 8).
[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

## 2.     The Appeals Council's Decision

After the ALJ issued the decision denying benefits, Plaintiff submitted additional records to the Appeals Council. The records included the following:

Undated letter from Julio Demelo (AR  23-24);

Letter dated March 5, 2013 from Avi Leibovic (AR 315-322);

Medical Records dated July 3, 2011 through July 16, 2012
from Kaweah Delta Medical Center (AR 887-1013);

Medical Records dated July 16, 2012 through July 16, 2012
from Kaweah Delta Medical Center (AR 1014-1032);

and

a letter dated March 6, 2013, from Sulch Bhajal, M.D. (AR 1033-034).

The Appeals Council stated that it had considered Plaintiff's arguments with respect to the ALJ's decision, as well as the new evidence subsequently submitted directly to the Appeals Council, but "found that this information [did] not provide a basis for changing the Administrative Law Judge's decision."  AR 9-10.  On August 5, 2013, the Appeals Council denied Plaintiff's request for review.  AR 9-12; 14-21.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

 "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*  Where the evidence is susceptible to more than one rational interpretation, one

1    of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

2                               **DISCUSSION**[3]

3          Here, Plaintiff argues that the ALJ: 1) erred by finding that Plaintiff failed to meet Listing

4    4.02 for Chronic Heart Failure; 2) improperly determined that Plaintiff can perform the full range

5    of sedentary work; 3) did not properly consider Plaintiff's back and mental impairments at step

6    two; 4) did not formulate or present a hypothetical for vocational expert opinion at step five; 5)

7    incorrectly assessed Plaintiff's credibility; and 6) had a duty to develop the record.   Upon a

8    review of the record, the Court finds that the case should be remanded.

9

10         *A.     The Commissioner's Decision is Not Based on Substantial Evidence*

11         As a preliminary matter, the crux of many of Plaintiff's arguments is that the ALJ

12   improperly evaluated the medical evidence at the hearing.   However, of particular relevance are

13   medical records submitted to the Appeals Council indicating that after the ALJ had issued his

14   decision, Plaintiff went to the emergency room on July 16, 2012, with complaints of chest pain.

15   AR 887 -1032.  At the time of the emergency room visit, an angiogram revealed that Plaintiff had

16   significant coronary artery disease and 80% stenosis of the mid left circumflex. Plaintiff

17   underwent surgery on July 19, 2012, for the placement of a stent. AR 1026 -1027.   Subsequently,

18   on March 6, 2013, Plaintiff's treating doctor, Sukh Bhajal, M.D., wrote a letter to the Appeals

19   Council identifying specific functional limitations, opining that Plaintiff's activities of daily

20   living are impacted by his condition, and that his condition meets or equals the 4.02 listing for

21   heart failure.[4]

22         In *Brewes v. Commissioner*, 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit considered

23

24

25

---

[3] The Court has carefully reviewed and considered all of the briefs, including the arguments, points and authorities, and exhibits.  Any omission of reference to a specific argument or brief is not to be construed that the Court did not consider the argument or brief.
[4] Although not entirely clear, it appears Dr. Bhajal performed Plaintiff's stent placement on July 19, 2012. AR 1031-1034).

the question of whether evidence submitted for the first time to the Appeals Council must be considered by the district court on appeal. The Court concluded, "[w]e hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Id*. at 1163. Here, all documents listed above were made a part of the administrative record. AR 12, 18. Accordingly, this Court will consider this evidence in its review of the administrative record. *Id.*

The Court recognizes that the opinion as to whether a claimant is unable to work is an administrative finding reserved exclusively for the Commissioner. See SSR 96–5p; *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("[E]valuation of a disability is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity."). However, in this instance, Plaintiff suffered another significant cardiac incident after the time the ALJ issued his decision. This is relevant because much of rationale forming the basis of the ALJ's decision is that since his heart attack in 2006, Plaintiff's condition had improved significantly. AR 62 -64. In particular, at the hearing, the ALJ relied on the expert testimony of Dr. Stephen Gerber, who reviewed Plaintiff's medical records. AR 110; 835-880. Dr. Gerber testified that although there was a brief period of time Plaintiff was not able to be employed, after April 2006, he manifested minimal symptoms which is consistent with class two heart failure. He further opined that Plaintiff would be able to perform between light or sedentary work. AR 111-112.

It is noted that on appeal, the Appeals Council is not required to provide a "detailed rationale" or make any particularized evidentiary showing as to why it rejected a post hearing opinion. *See Taylor v. Comm. of Soc. Sec. Admin.*, 659 F. 3d 1228, 1233 (9th Cir. 2011); *Warner v. Astrue*, 859 F. Supp. 2d 1107, 1115 (C.D. Cal. 2012) (under Taylor, the Appeals Council is

excused from offering any explanation for rejecting post-hearing treating source opinions); *accord Crater v. Astrue*, 2012 WL 3106625, *5 (C.D. Cal. July 30, 2012).  However, given the circumstances and the ALJ's analysis, this Court cannot find that the Commissioner's decision is supported by substantial evidence in light of the post-hearing medical reports.  Not only did Plaintiff suffer a significant heart incident after the ALJ issued his findings, but Dr. Bhajal also identifies several functional limitations that may not only alter the ALJ's RFC finding, but could alter the ALJ's ultimate finding of disability.  AR 1033-1034.  It would be improper for this Court make a disability determination at this juncture because it is unclear from the medical record what Plaintiff's current medical state is, what the effect of the placement of the stent has been on Plaintiff's condition, or how other doctors may interpret these recent events.  Thus, the Court is not persuaded by Defendant's argument that Dr. Bhajal's most recent report is inconsistent with the record during the relevant period because the ALJ found Plaintiff could perform activities of daily living and demonstrated improvement in his cardiac symptoms.  (Doc. 21, pg. 16).  New evidence has been submitted that the ALJ must examine to determine if more information is necessary, or whether this new information alters his initial findings.

Because the Court remands this case for consideration of the medical evidence, the Court dispenses with an exhaustive analysis of the ALJ's assessment of Plaintiff's credibility and claims related to the formulation of the RFC, as well as the ALJ's failure to present hypotheticals to the vocational expert.  These issues are inescapably linked to conclusions regarding the medical evidence that the ALJ will need to address on remand.

### B.    The ALJ Did Not Err at Step Two

Plaintiff argues that the ALJ erred by finding that Plaintiff's back impairment was not severe, and that the ALJ committed reversible error by not discussing Plaintiff's mental impairment at step two.  Defendant contends that the ALJ's analysis at step two was proper.

As a preliminary matter, the Court notes that Plaintiff's arguments regarding his back impairment were raised in a very boilerplate fashion in the opening brief, and not addressed at all in the reply brief. (Doc. 23, pgs. 25-26).  In the opening brief, Plaintiff merely states a rudimentary explanation of the law and makes a conclusory statement that the ALJ erred at this step of the analysis.  *Id*.  Given that Plaintiff has failed to properly develop the argument related to Plaintiff's back impairment, the Court considers this argument waived and will not consider this issue.  *See*, *Independent Towers of Washington*, 350 F. 3d 925, 929 (9th Cir. 2003) (finding that party had forfeited issue on appeal because it failed to provide an analysis of the issue). Accordingly, the ALJ does not need to address this issue on remand.

Similarly, although Plaintiff raised the mental impairment very summarily in the opening brief, the first time he makes any substantive arguments regarding this issue is in the reply brief. (Doc. 31, pg. 31-32).  As a general matter, a district court need not consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir.2003)).  Raising new arguments in a reply brief is disfavored, but a district court has broad discretion to consider them. See *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir.2008); *Gleen K. Jackson v. Roe*, 273 F.3d 1192, 1202 (9th Cir.2001).  In this instance, the Court will consider the arguments regarding Plaintiff's mental impairment since it was technically raised in the opening brief, but cautions Plaintiff's counsel that this is not an acceptable practice and the Court will not consider such arguments in the future.

Upon a review of the record, the ALJ did not err by not discussing Plaintiff's mental condition.  At step two of the sequential evaluation process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment.  The regulations define a non-severe impairment as one that does not significantly limit [the claimant's] physical and mental ability to do basic work activities.  An impairment is not severe "if the evidence establishes a slight abnormality that has

'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F. 3d 1273, 1290 (9th Cir. 1996).  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 404.1508.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.  20 C.F.R. § 404.1529.

When considering whether a condition is medically determinable, the Commissioner considers the following :

> If you are not doing substantial gainful activity, we always look first at your physical or mental impairment(s) to determine whether you are disabled or blind. Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms (see § 404.1527). (See § 404.1528 for further information about what we mean by symptoms, signs, and laboratory findings.)

20 C.F.R. § 404.1508

> (b) Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated.

> (c) Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of a medically acceptable laboratory diagnostic techniques. Some of these diagnostic techniques include chemical tests, electrophysiological studies (electrocardiogram,

electroencephalogram, etc.), roentgenological studies (X-rays), and psychological tests.

20 C.F.R § 404.1528

Here, although Plaintiff argues that the ALJ erred by not considering his mental impairment at step two, he has cited to no medical evidence that he suffers from a mental impairment.  He merely cites to his own self-reported symptoms, and to a letter submitted by a friend, Dorthea Swayne, a nurse, who provided lay witness testimony.[5]  AR 28, 34, 233, 336, 1033-34.   This is not sufficient to establish a medically determinable condition, much less a severe impairment at step two, as there has been no objective testing or assessment done by an acceptable medical source.  *See*, 20 C.F.R. §§ 404.1513(a), 416.913(a). Accordingly, the there was no error by the ALJ or by the Appeals Council at step two.

### C.        *The Case Shall Be Remanded For Further Proceedings*

Usually, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added).  The Ninth Circuit clarified the scope of judicial power to remand for an award of benefits in *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir.1988) and held that "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony.  Rather, we will ... take that testimony to be established as

---

[5] The letter from Dorthea Swayne is dated February 13, 2013.  Accordingly, it appears it was submitted to the Appeals Council after the ALJ hearing.

true." *Id*. at 1401.  One year later, in *Hammock v. Bowen*, the Ninth Circuit extended the credit-as-true rule to medical opinion evidence.  *Hammock v. Bowen*, 879 F.2d 498 (9th Cir.1989).

   The Ninth Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).  In *Connett v. Barnhart*, 340 F.3d 871 (9th Cir.2003), however, the Ninth Circuit cautioned that the credit-as-true rule may not be dispositive of the remand question in all cases.  Rather, the credit-as-true doctrine envisions "some flexibility." *Id*. at 876.  Recently, the Ninth Circuit clarified Connett's flexibility approach in *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014), noting that even when all conditions of the credit-as-true rule are satisfied, a case may not always be remanded for a calculation of benefits when the record as a whole creates doubt that claimant is, in fact, disabled. *Garrison*, 759 F. 3d at 1021.

   Here, Plaintiff does not satisfy all three conditions of the credit-as-true rule because the record needs to be more fully developed and further proceedings are necessary.  Therefore, the Court need not consider whether it should exercise "flexibility" under *Connett* and *Garrison* to remand for further proceedings or award benefits.  Further, the Court does not opine on what result the ALJ should reach based on remand.  On remand, the ALJ may order additional testing or evaluation as needed regarding Plaintiff's heart condition, and Plaintiff shall be afforded the opportunity to present supplemental evidence to the Commissioner on this issue.

///

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole. Accordingly, this Court ORDERS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be GRANTED. The Court further ORDERS this case be remanded for further proceedings consistent with this order.  The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff, Luis Demelo, and against Defendant Carolyn W. Colvin, Commissioner of Social Security.


IT IS SO ORDERED.

Dated:   **March 24, 2015**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE

11